BONNER
vs
COLEMAN.

*Guthrie* for plaintiffs: *Duncan and Ripley and Browne* for defendants.

---

## Bonner *vs* Coleman.

REPLEVIN.

### APPEAL FROM THE JEFFERSON CIRCUIT.

Case 123.

May 19.

No judgment *de
retorno habendo*
can be rendered
when the plea of
*non cepit* alone is
relied on. To
authorize such
judgment, the de-
fendant must be-
come *actor* and
assert a right of
property in him-
self.

*Replevin. Verdicts and judgments. Pleading.*

JUDGE BRECK delivered the opinion of the Court.

THIS is an action of replevin, and the only question, which we deem deserving consideration, is, whether a verdict for the defendant, upon the plea of *non cepit*, will authorize a judgment for the restitution of the property.

At common law, no judgment for restitution could be rendered upon such finding, and there is no provision in our statutes relative to this action, which authorizes it, the finding on the plea being merely *for the defendant.* The principle is that the defendant must become *actor* and assert a right of property in himself, before he is entitled to a judgment for the restitution of it. The plea of *non cepit* admits the right of property to be in the plaintiff, and denies merely the taking.

We are inclined to doubt whether the Court was correct in the peremptory instructions to the jury, and therefore, will not disturb the verdict. But we are of opinion the Court erred in awarding to the defendant a restitution of the property.

Wherefore, the judgment is reversed, so far as it awards to the defendant restitution of the property replevied, and

a writ of *retorno habendo,* and affirmed so far as it awards to the defendant his costs.

*Fry & Page* for appellant: *Duncan & Ripley* for appellee.